NATIONAL BANK OF COMMERCE IN ST. LOUIS v. ALLEN, United States Internal Revenue Collector.

(District Court, E. D. Missouri, E. D.    March 16, 1914.)

No. 4104.

INTERNAL REVENUE (§ 9*)—CORPORATION TAX ACT—NET INCOME—DEDUCTION —TAXES.

> Rev. St. Mo. 1909, § 11357, imposes a tax on bank shares, and section 11359 declares that the tax be paid in the first instance by the corporation, but it may recover the same from the owners or deduct it from dividends accruing on the shares, and the amount is also made a lien on the shares and is payable before a transfer of the shares can be made. Act Cong. Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 946), imposes an internal revenue tax on the net income of corporations above $5,000, subject to deduction of all sums paid by it within the year for taxes imposed under the authority of the United States or any state. *Held*, that taxes assessed on the corporate shares of a bank and paid by it under sections 11357, 11359, were not taxes assessed against the bank which it was entitled to deduct in determining its net income for the assessment of corporation taxes under the Corporation Tax Act.

> [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*]

At Law.    Action by the National Bank of Commerce in St. Louis against E. B. Allen, United States Collector of Internal Revenue for the First District of Missouri, to recover taxes paid on the reassessment of corporation taxes for the years 1909, 1910, and 1911.    On plaintiff's motion for judgment on the pleadings.    Denied.

Stewart, Bryan & Williams, of St. Louis, Mo., for plaintiff.
Charles A. Houts, U. S. Atty., of St. Louis, Mo., for defendant.

DYER, District Judge.    The question before the court and presently to be decided is raised by the plaintiff's motion for judgment on pleadings.

The plaintiff filed its petition against the defendant to recover certain sums of money paid by it (under protest) to the defendant, who was and still is the Collector of Internal Revenue for the First Collection District of Missouri.

The petition is in three counts.    Under the first count judgment is asked in the sum of $1,932.31; under the second count for the sum of $1,870.43; and under the third count for the sum of $1,502.04. These several amounts are for taxes alleged by plaintiff to have been illegally assessed against it by the Commissioner of Internal Revenue for the years 1909, 1910, and 1911, and illegally and wrongfully demanded and collected of it by the defendant.    The several counts in the petition are in all respects the same, except in the amount claimed and the year for which the assessment was made.    It will therefore be unnecessary to refer at length to any more than the first count. That count, omitting the purely formal parts, is as follows:

> "Plaintiff further states that in the year 1910, and on or prior to the 1st day of March, 1910, in the time and in the manner provided by section 38 of the act of Congress, approved August 5, 1909, relating to special excise tax on corpora-

tions, made due and proper return to the United States Commissioner of Internal Revenue of the entire gross and net income received by it, from all sources during the year 1909, together with all other information required by said act of Congress; that in its said return the plaintiff, as authorized by said act of Congress, deducted from the gross amount of the income received by plaintiff during the year 1909 the sum of $193,230.98, which it had paid within and for the year 1909 for taxes imposed under the authority of the state of Missouri, and as required by the provisions of chapter 117, art. 2, of the Revised Statutes of Missouri 1909.

"Thereafter said United States Commissioner of Internal Revenue, in pursuance of such return, duly and properly assessed against this plaintiff the sum of $9,848.57 as and for the special excise corporation tax against this plaintiff on account of its said net income for· the year 1909, which said sum was in due time, to wit, on or prior to the 30th day of June, 1910, paid by this plaintiff to E. B. Allen, esquire, United States Collector of Internal Revenue for the First District of Missouri, as aforesaid.

"Plaintiff further states, however, that during the month of April, 1912, said United States Commissioner of Internal Revenue made a new, additional, and unwarranted assessment of a tax against this plaintiff in the sum of $1,932.31, as a special corporation excise tax on account of its (plaintiff's) said net income for the year 1909, and that thereafter this plaintiff received from said Collector of Internal Revenue notice of such additional assessment, which said notice (form 647, List month of April, 1912, p. 1) notified this plaintiff that said sum of $1,932.31 had been assessed against it by the United States Commissioner of Internal Revenue as a special corporation excise tax on account of its said net income for the said year 1909, and that the same had been transmitted to said Collector of Internal Revenue for collection and was due and payable on or before the 30th day of June, 1912, and required and demanded that this plaintiff pay said Collector of Internal Revenue said amount of said additional assessment, to wit, the sum of $1,932.31.

"Plaintiff further says that this additional assessment was and is unwarranted and unlawful and contrary to the provisions of said act of Congress, and was made because said United States Commissioner of Internal Revenue and said Collector illegally claimed that this plaintiff, in making its return of its gross and net income received for the year 1909, had no right to deduct from the gross amount of its income for the year 1909 the sum of $193,230.98, which plaintiff had actually paid within the year 1909, as and for taxes imposed on plaintiff under the authority of the state of Missouri.

"Whereas, in truth and in fact, said last-mentioned sum had been actually paid by this plaintiff within said year of 1909, for taxes imposed on this plaintiff under the authority of the laws of the state of Missouri, and as required by the provisions of chapter 117, art. 2, of the Revised Statutes of Missouri 1909, and was a sum which plaintiff was compelled by law to pay, and was not a sum which this plaintiff had any option to pay or refuse to pay, and was a sum which plaintiff was entitled, under the provisions of said act of Congress, to deduct from the gross amount of the income of plaintiff for·the year 1909.

"Plaintiff further says that it has never received nor recovered back from any one said sum of $193,230.98, so paid by it as aforesaid for taxes in compliance with the laws of the state of Missouri, and said sum never constituted any part of the net income of this plaintiff for the year 1909."

The answer of the defendant is as follows:

"Defendant further admits that prior to March 1, 1910, plaintiff made a return of its gross and net income received by it from all sources during the year 1909, as required by the act of August 5, 1909, which said return was correct, except as hereinafter stated; that thereupon the Commissioner of Internal Revenue assessed against plaintiff the sum of $9,848.57, as and for the special excise corporation tax which plaintiff should pay on account of its net income for said year of 1909; that said tax was thereupon, as alleged in said petition, paid to defendant; that thereafter the Commissioner of Internal Revenue made a new and additional assessment of a tax against plaintiff in

the sum of $1,932.31, as a special corporation excise tax on account of plaintiff's net income for said year 1909; that notice thereof was given and the payment thereof demanded, as alleged in plaintiff's petition; that thereafter plaintiff paid said additional assessment of $1,932.31 under protest; that, at the time plaintiff paid said additional assessment, plaintiff notified the United States Commissioner of Internal Revenue and said Collector that plaintiff would take steps to recover the amount so paid by plaintiff under protest; that thereafter, on the 12th day of October, 1912, plaintiff did appeal in writing to the United States Commissioner of Internal Revenue, and did claim that said sum so paid under protest had been improperly paid; that the same had been paid under protest and did demand that said sum be refunded to plaintiff; that said claim and appeal was in writing and in due form as prescribed by the Secretary of the Treasury of the United States; that said Commissioner of Internal Revenue denied and rejected said appeal and refused the same; and that no part of said $1,932.31 has been repaid to plaintiff.

"Defendant, further answering, states that after plaintiff had made its said return of its gross and net income for the year 1909, as required by the act of August 5, 1909, and after the Commissioner of Internal Revenue had made said assessment based upon the net income of plaintiff for the year 1909, as shown by said return, evidence was produced before the Commissioner of Internal Revenue which in his opinion justified the belief that said return of the plaintiff was incorrect in this: That in making said return plaintiff had unlawfully and wrongfully deducted from its gross income the sum of $193,230.98, which said sum had been during the year 1909 paid out by plaintiff (and never received or recovered back by plaintiff) on account of taxes assessed against the share and shareholders of plaintiff's capital stock under the provisions of article 2, c. 117, of the Revised Statutes of Missouri 1909, no part of which said sum of $193,230.98 had been assessed against plaintiff.  And defendant says that in truth and in fact plaintiff during the year 1909 was required to pay and did pay the sum of $193,230.98 on account of taxes imposed under the provisions of article 2 of chapter 117 of the Revised Statutes of Missouri 1909, no part of which said sum has ever been repaid to it; and plaintiff's net income for the year 1909, as reported in its said return, was arrived at by deducting from its gross income the said sum of $193,230.98, so paid out by it. But defendant says that said taxes so paid out by plaintiff were not assessed against the plaintiff or the property of the plaintiff, but on the contrary were taxes assessed against the shares and shareholders of plaintiff's capital stock, and were assessed and collected under the provisions of article 2 of chapter 117 of the Revised Statutes of Missouri 1909, and particularly under sections 11357, 11359, and 11360 of said statutes.

"Thereupon the Commissioner of Internal Revenue duly amended plaintiff's return theretofore made and added to the net income of plaintiff on said return the said sum of $193,230.98, so wrongfully deducted by plaintiff, and thereupon assessed against plaintiff said additional tax of $1,932.31, the same being 1 per cent. upon said additional net income amounting to $193,230.98, as aforesaid."

It is upon these pleadings that the plaintiff asks judgment.

The real, substantial, and controlling question raised by the petition and answer is this: Had the plaintiff the right, in reporting its net income, to deduct from its gross income the taxes assessed against its shareholders and paid by it, under the provisions of sections 11357 and 11359 of the Revised Statutes of Missouri 1909? These two sections are as follows:

"Sec. 11357. Assessment of manufacturing and business companies and stock in other corporations. The property of manufacturing companies and other corporations named in article VII, chapter 33, and all other corporations, the taxation of which is not otherwise provided for by law, shall be assessed and taxed as such companies or corporations in their corporate

names. Persons owning shares of stock in banks, or any joint-stock institution or association doing a banking business, or any insurance company, whether of fire, marine, life, health, accident or other insurance, incorporated under or by any law of the United States or of this state, shall not be required to deliver to the assessor a list thereof, but the president or other chief officer of such corporation, institution or association, shall, under oath, deliver to the assessor a list of all shares of stock held therein, and the face value thereof, the value of all real estate, if any, represented by such shares of stock, together with all reserved funds, undivided profits, premiums or earnings, and all other values belonging to such corporation, company, institution or association; and such shares, reserved funds, undivided profits, premiums or earnings, and all other values so listed to the assessor, shall be valued and assessed as other property at their true value in money, less the value of real estate, if any, represented by such shares of stock. Private bankers, brokers, money brokers, and exchange dealers shall make like returns, and be assessed and taxed thereon in like manner, as hereinbefore provided. Insurance companies, or any corporations or associations doing business on the mutual plan, without capital stock, shall make like returns of the net value of all assets or value belonging thereto, which net value shall be assessed and taxed in the manner hereinbefore provided: Provided, however, that the license hereafter required to be paid by any such bankers, brokers and dealers, in, addition to such taxes, shall not exceed one hundred dollars per annum. It is hereby made the duty of the county clerk to include in his abstract of the assessor's books required to be sent to the state auditor, valuation of all property assessed under this section, under the head of 'corporate companies,' and in addition thereto he shall make out from the lists delivered to the assessor as above provided, and send the same to the state auditor to be laid before the state board of equalization, on or before the 20th day of February in each year, an abstract of the assessment of all corporations or persons doing a banking or insurance business in his county, showing the name of each bank and insurance company, the number of the shares of stock and their face value, amount of reserve funds, undivided profits, premiums or earnings, and all other value, together with the assessed value thereof, also the value of real estate deducted as above provided, and the assessed value of such real estate as shown by the real estate book."

"Sec. 11359. Such taxes, how paid and covered. The taxes assessed on shares of stock embraced in such list shall be paid by the corporations, respectively, and they may recover from the owners of such shares the amount so paid by them, or deduct the same from the dividends accruing on such shares; and the amount so paid shall be a lien on such shares, respectively, and shall be paid before a transfer thereof can be made."

Section 38 of the act of Congress, approved August 5, 1909, contains, among others, the following provisions:

"Sec. 38. That every corporation * * * shall be subject to pay annually a special excise tax * * * upon the entire net income over and above $5,000 received by it from all sources during such year. * * * Second. Such net income shall be ascertained by deducting from the gross amount of the income: * * * (1) All the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties. * * * (4) All sums paid by it within the year for taxes imposed under the authority of the United States or of any state."

It is upon this latter provision, I take it, that the plaintiff chiefly relies.

Can it be successfully claimed that the tax imposed by the state upon the shareholders of a bank is in any wise a tax imposed upon the bank itself? True, the bank is required to pay (i. e., advance) the amount of the tax, but it is given a lien upon the shares of stock and all dividends thereon, until it is fully reimbursed by the shareholder.

The shareholder is not allowed to get a transfer of his holdings so as to cut the bank out of its lien.

The Supreme Court of Missouri, in the case of State ex rel. Campbell v. Brinkop, 238 Mo. 298, 143 S. W. 444, convincingly says:

"Under our statute, stock in a bank, federal or state, is assessed against the shareholder, but the tax is paid in the first instance by the bank, and the bank is reimbursed by the shareholder. That is merely a mode of convenience in collecting the tax; the effect is the same as if the shareholder paid it in the first instance."

The plaintiff had no right to deduct from its gross income the taxes assessed against its shareholders under the state statutes. By doing so it did not correctly state its net income, and for that reason the Commissioner of Internal Revenue acted well within his rights and duties in making the assessments complained of in plaintiff's petition.

In reaching the conclusion above stated, the court is well supported by the decision of the United States District Court of Massachusetts, in the case of Eliot National Bank v. Gill, 210 Fed. 933, recently decided.

The motion of plaintiff for judgment on the pleadings is denied.