## NORTHERN TRUST CO. v. McCOACH.

### (District Court, E. D. Pennsylvania. July 14, 1914.)

### No. 2922.

INTERNAL REVENUE (§ 9*)—CORPORATION TAX ACT—EXEMPTIONS—STATE TAX. Act Pennsylvania June 13, 1907 (P. L. 640), entitled "An act to provide revenue by levying a tax upon the shares of stock of certain classes of corporations," requires such corporations to report to the auditor general the number of shares into which their stock is divided and the actual value thereof, ascertained in the manner prescribed by the act, and provides that on such report or return the auditor general shall assess the shares for taxation at a specified rate based on the actual value, to be determined by ascertaining the aggregate sum of payments on the stock, the surplus, and undivided profits and dividing such sum by a figure representing the total number of shares. It is thereupon made the duty of the executive officers of the corporations to post the tax settlement in the corporation's place of business, and within a specified time, at its option, either to pay the total amount of the tax out of its general funds or collect the same from its stockholders and pay the amount into the state treasury. The act further declares that if the corporation's officers fail to comply with the act, they shall be adjudged in default, and as a penalty the corporation shall be responsible to the state for the tax assessed against the stockholders. *Held*, that the tax so assessed was a tax against the property of the individual stockholders, and not against either the corporation or its property, and hence was not such a tax as to be deducted from the corporation's return to the United States under Corporation Tax Act (Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 [U. S. Comp. St. Supp. 1911, p. 946]), providing for a tax on the net income of corporations, and authorizing the deduction of all sums paid by a corporation within the year for taxes imposed under the authority of the United States or any state.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*]

Action by the Northern Trust Company against William McCoach, late Collector of Internal Revenue for the First District of Pennsylvania. Judgment for defendant.

James Wilson Bayard and John G. Johnson, both of Philadelphia, Pa., for plaintiff.

Edwin S. Kremp, Asst. U. S. Atty., of Reading, Pa., and Francis Fisher Kane, U. S. Atty., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The plaintiff in this case made its return of its net income to the collector of internal revenue for the First district of Pennsylvania for taxation under the act of Congress of August 5, 1909. It stated the amount of its net income to be a certain sum after deducting the amount of a payment which it had made into the treasury of the state of Pennsylvania for what it claimed to have been taxes imposed upon the plaintiff by that state. The collector denied the correctness of the return in this respect and demanded and enforced by the disallowance of the deduction the payment of the excise tax upon this amount. The plaintiff, after payment of this sum, in turn demanded its repayment of the collector, and upon his refusal has

brought this action to recover the moneys so paid in accordance with the procedure acts provided for such cases.

This raises the sole question of the propriety of the deduction made by the plaintiff in its original return. The question is brought before the court on a rule for judgment for want of a sufficient affidavit of defense, and must, of course, be determined on the facts as set forth in the affidavit.

An outline statement of these facts is as follows: On July 15, 1897, an act of the General Assembly of the state of Pennsylvania was approved by the Governor and became a law of that state. This was the general revenue act for that and succeeding years, and was passed "to provide revenue by taxation." P. L. 1897, p. 292. All banks and savings institutions were brought within its provisions. This act of Assembly was followed by another act approved June 13, 1907 (P. L. 1907, p. 640). This is entitled "An act to provide revenue by levying a tax upon the shares of stock of" the classes of corporations referred to therein. The plaintiff is of one of the designated classes. These acts are similar in their provisions. The pertinent features are that the corporations, at a designated time in each year shall make a report to the auditor general of the state, setting forth the number of shares into which their capital stock is divided, and the actual value thereof as ascertained in the manner provided in the act, and that, upon such report or return being made, the auditor general shall assess the shares for taxation at a certain rate, based upon the actual value of the stock to be determined by ascertaining the aggregate sum of payments on the capital stock, the surplus, and undivided profits, and dividing this amount by a figure representing the total number of shares of stock. The auditor general is given the power to correct this return if, in his judgment, it is not correct, and to settle the amount of the tax which he may determine to be due. It is thereupon made the duty of the executive officers of each of the corporations concerned to post this tax settlement in the place of business of the corporation, and within a specified time, at its option, either to pay the total amount of the tax out of its general funds, or to collect the same from its shareholders and pay the amount into the state treasury. It is further provided that if the officers of the corporation fail to comply with the requirements of the act to give notice to its stockholders by posting the settlement above mentioned, such officers shall—

"be adjudged to be in default, and as a penalty for such default, such company shall be responsible to the commonwealth for the amount of the tax assessed against the shareholders of such company."

The act further provides that if the corporation shall either collect each year from its stockholders the state tax and pay it into the state treasury by a certain date, or shall pay the amount out of its general funds, then the amount of the tax shall be determined by the aggregate amount of capital stock, surplus, and undivided profits, less the amount which might be invested in shares of stock in corporations liable to a tax on their capital stock, and that so much of its capital stock, surplus, profits, and deposits as are not invested in real estate shall be exempt from all other taxation under the laws of the state.

The act of Congress (36 Statutes at Large, 112) became a law on August 5, 1909. The pertinent provisions of this act are as follows:

"Sec. 38. First. That every corporation, joint-stock company or association, organized for profit and having a capital stock represented by shares, * * * now or hereafter organized under the laws of the United States or of any state or territory of the United States * * * shall be subject to pay annually a special excise tax with respect to the carrying on or doing business by such corporation, * * * equivalent to one per centum upon the entire net income over and above five thousand dollars received by it from all sources during such year. * * *

"Second. Such net income shall be ascertained by deducting from the gross amount of the income of such corporation, * * * received within the year from all sources, * * * (fourth) all sums paid by it within the year for taxes imposed under the authority of the United States or of any state or territory thereof, or imposed by the government of any foreign country as a condition to carrying on business therein."

There should also be included in this outline statement of the general facts the further fact that the question arising in this case under the Pennsylvania statute has arisen under the statutes of two of the other states of the Union. These statutes are respectively similar in their provisions to the Pennsylvania statute. One was a statute of the state of Massachusetts, and the other was a statute of the state of Missouri. The one ruling is reported as the case of Eliot National Bank v. Gill (D. C.) 210 Fed. 933, and the other as the case of National Bank of Commerce of St. Louis v. Allen (D. C.) 211 Fed. 743.

It is to be observed, as was incidentally stated in the opinion in the Baldwin Locomotive Works Case, 215 Fed. 967, which was argued with the present case, that the act of Congress prescribes that the net income thereby taxed shall be ascertained by deducting from the gross income certain specified allowances, including, among others—

"all sums paid by it [the corporation whose net income is to be taxed] within the year for taxes imposed under the authority of the United States or of any state."

The criterion or test, or at least one criterion or test, is payment by the corporation, and the payment must have been for a "tax imposed." The other tests that the payment must have been made within the year, and that the payment must have been one which was required by and under the authority of the state of Pennsylvania, are not in question. Inquiry is thereby narrowed to the question of whether the payment was for "taxes imposed" upon the corporation, or for something else or something different. The acts of assembly referred to are entitled, one of them, "An act to provide revenues by taxation," and the other, "An act to provide revenue by levying a tax," etc. On their face, therefore, the main purpose of these acts was clearly to "impose a tax." The inquiry is thereby further narrowed to whether the tax was imposed upon the corporation. The distinction between the levy of a tax upon the property of a corporation and the levy of a tax upon the property of its stockholders existing in the form of shares of stock in the same corporation is an obvious one. The point is made by the plaintiff that the revenues sought to be derived by the state from the imposition of the tax would probably have been secured by the simple and direct method of taxing the property of the corporation ex-

cept for an obstacle in the way of a direct collection of the tax from a certain class of corporations from which, however, it is transparently evident it was the intention to enforce the collection. The class of corporations referred to is that of national banking associations. The state of Pennsylvania is without power to levy a tax upon the capital of national banks. It has, however, the power to levy a tax upon the property of its own citizens, and can do so notwithstanding that this property may exist in the form of shares of stock in national banks. Viewed in the light of political and legal principles, the difference, as well as the distinction, between the property of the corporation and the property of the stockholder is clear and welldefined. Viewed in the light of economic principles, these two things blend into one, because it is clear that in any event the tax comes out of the pockets of the stockholder. Because of this economic fact, had all the corporations proposed to be taxed been subject to the taxing power of the state, the simple and direct method referred to of taxing the corporation itself would doubtless have been adopted, but as some of them, for the reasons stated, could not be taxed by the state, a method was adopted of offering a practical inducement to all of the corporations to voluntarily pay the tax imposed. This result was sought to be accomplished in one of three ways: The first was to give the option of payment to the corporation. The second was to make of the corporation a collecting agent for the state by paying the tax and then collecting the amount from the shareholders. The third was to impose upon the officers of the corporation the performance of a duty which it was anticipated would not be performed, and then impose the payment of the tax upon the corporation as a penalty for the default of its officers in the performance of the imposed duty. The practical result in any one of the three methods by which the state might secure the revenue to itself is as to the stockholders precisely the same, and, it may be added, that so far as affects the corporation, its stockholders, or the state, a like result is reached whether the tax is imposed upon the property of the corporation or the individual property of its stockholders. The strength of the position of the plaintiff lies in this: Conceding the tax to have been formally and literally imposed upon the property of the stockholders, the payment was made out of the general funds of the corporation, and the option given to the corporation to so pay makes the statute impose the tax conditionally upon the corporation itself, and when the condition is performed by the exercise of the option, the imposition of the tax upon the corporation becomes absolute. This, however, is strictly an option of payment not of obligation.

In this view it is further, of course, assumed that the manner of exercising the option, whether by a direct payment of the tax, or by submitting to the penalty for the mere purpose of payment, in no way affects the state or the result accomplished. There is, however, another and controlling consideration. The very question here involved has been considered and answered. This brings us within the principle that tax laws should be given the same construction by all courts throughout the territorial limits within which the tax is levied. We feel, therefore, constrained to apply this principle and to hold that the

tax imposed by the state of Pennsylvania by the acts of assembly referred to is a tax imposed upon the property of the individual stockholders, and not upon either the corporation or its property, and because of this the amount of payment is not to be deducted from the gross income of the corporation in determining the taxable net income. This is based upon the rulings in the cases above cited.

The rule for judgment is therefore discharged.