FIRST NAT. BANK OF JACKSON, MISS., v. McNEEL, Internal Revenue
Collector,

(Circuit Court of Appeals, Fifth Circuit.   January 8, 1917.)

No. 2857.

INTERNAL REVENUE ⬤⟿9—CORPORATION TAX—IMPOSITION.

> Code Miss. 1906, § 4273 declares that the president, cashier, or other
> officer having like duties of each bank, whether state or national, shall
> deliver to the assessor a written statement of the number and amount of
> shares of its capital stock paid in, and the value of such shares at par,
> and as increased by any surplus which shall be the basis of taxation of
> such shares to the holder or owner, but if they are of less value than par,
> they shall be valued accordingly. The statute makes no provision for re-
> covery from the several shareholders of their proportional part of the
> amount so paid for them. *Held,* that notwithstanding such omission, the
> tax paid under such act cannot be deducted from a national bank's net
> income under Corporation Tax Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112–117
> (Comp. St. 1913, §§ 6300–6307), as taxes imposed, for the tax is imposed on
> the shareholders.

> [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–
> 28; Dec. Dig. ⬤⟿9.]

Error to the District Court of the United States for the Northern
District of Alabama; Wm. I. Grubb, Judge.

Action by the First National Bank of Jackson, Miss., against John
D. McNeel, Collector of Internal Revenue. There was a judgment for
defendant, and plaintiff brings error. Affirmed.

Edw. Mayes, of Jackson, Miss. (Percy, Benners & Burr, of Birming-
ham, Ala., on the brief), for plaintiff in error.

Robt. N. Bell, U. S. Atty., of Birmingham, Ala., for defendant in
error.

Before PARDEE and WALKER, Circuit Judges, and CALL, Dis-
trict Judge.

PER CURIAM. The claim asserted by the plaintiff in error, the
First National Bank of Jackson, Miss., is that in the ascertainment
of its net income in the year 1909 for the purpose of determining the
amount of the tax payable by it under the Corporation Tax Act of
1909 (36 Stat. L. 112–117) there should have been a deduction from
the gross amount of its income during that year of the amount of
the tax assessed, and paid by it, during that year, pursuant to the pro-
visions of section 4273 of the Code of Mississippi of 1906, which is as
follows:

"*Banks; How Taxed* (Laws 1890, page 6).—The president, cashier, or other
officer having like duties, of each bank or banking association in this state,
whether existing by the laws of this state or of the United States, shall de-
liver to the assessor of taxes of the county in which it is located, a written
statement, on or before the first day of May in each year, under oath, of the
number and amount of all the shares of its capital stock paid in, or if it be
not a corporation or joint-stock company, then the amount of its capital,
and of the sum of all undivided profits or surplus or accumulation of any sort
constituting part of the assets of the bank and not including its real estate;

and the value of such shares estimated at par and increased by the proportion of the par value of all the shares of the stock to the said surplus fund or accumulation, or of the amount of its capital so increased, shall be the basis of the taxation of such shares to the holder or of the capital to the owner thereof; but if the shares of such bank or association are of less value than par, they shall be valued accordingly."

In construing the statute just set out the Supreme Court of Mississippi, in the case of Bank v. Oxford, 70 Miss. 504, 514, 12 South. 203, 204, said:

"If a bank has added to its capital stock any sum, by whatever name, which augments the value of its stock, and puts that in nontaxable securities, that does not entitle it to any deduction in taxation, but the capital stock, at its increased value by reason of such accumulations, is the basis of taxation, the purpose of the law being to impose on holders of bank stock taxes according to value as on other forms of property. The owner of bank stock is not required to give it in to the assessor. Another mode of reaching it is provided, and that is through the bank, whose officers are required to report it, and the bank is to pay it. In other words, the shareholder is to be taxed, and pay through the bank."

The statute, as so construed, imposes the tax, not on the bank or its capital, but upon the shareholders; the bank being required to pay for them. The absence of express provision in the statute giving the bank the right to recover from its several shareholders their proportional parts of the amount so paid for them does not show that there is no such right of recovery, or that the intention was for the tax to fall ultimately upon the bank and not upon its shareholders. Home Savings Bank v. Des Moines, 205 U. S. 503, 518, 27 Sup. Ct. 571, 51 L. Ed. 901. That the tax fell upon the shareholders and not upon the bank is sufficiently shown by the language of the statute, giving it the meaning which the Supreme Court of Mississippi has found that it expresses. The conclusion is that the payment in question was not for "taxes imposed" within the meaning of those words as used in the provision of the Corporation Tax Act as to the deductions allowable in ascertaining the corporation's net income, as the tax in question was imposed, not on the corporation, but upon its shareholders. Eliot National Bank v. Gill, 218 Fed. 600, 134 C. C. A. 358; Northern Trust Co. v. McCoach (D. C.) 215 Fed. 991; National Bank of Commerce in St. Louis v. Allen (D. C.) 211 Fed. 743.

The judgment is affirmed.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes