UNITED STATES v. GUARANTY TRUST & SAVINGS BANK.

(District Court, S. D. Florida.   August 13, 1918.)

INTERNAL REVENUE ⬥25—EXCISE TAXES—CALCULATION — DEDUCTION OF STATE TAXES.

State, county, and municipal taxes paid by a bank under Laws Fla. 1907, c. 5596, § 8, constitute a liability of the bank, and not its stockholders, and are to be deducted from the gross income of the bank, to ascertain the net amount on which the 1 per cent. of excise tax under Act Aug. 5, 1909, § 38, cl. 2, subd. 4, is to be calculated.

At Law.   Action by the United States against the Guaranty Trust & Savings Bank.   Judgment for defendant on the pleadings and stipulated facts.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and Fred Botts, Asst. U. S. Atty., of Jacksonville, Fla.

W. M. Bostwick, Jr., of Jacksonville, Fla., for defendant.

CALL, District Judge.   This suit is brought by the government to recover from the defendant a certain amount as taxes upon the net income of the bank for the years 1909, 1910, 1911, 1912, 1913, and 1914, which amounts are arrived at by disallowing certain amounts paid by the bank as taxes to the state, county, and city.   The declaration contains six counts, each count claiming an amount for one of the years above mentioned.

The defendant interposed two pleas to each of the first three counts: (1) The plea of never was indebted as alleged; and (2) the plea denying that the amount stated in the counts was correct amount of net income of the bank for that year.   To the fourth, fifth, and sixth counts the defendant pleaded that the tax sued for had been paid, and application is now pending before the department for a refund.

Issue was joined on these pleas, and a stipulation of facts filed, with the waiver of a jury and submission of the case to the court for trial without a jury.   The stipulation of facts is as follows:

The defendant is a banking corporation, incorporated under the laws of the state of Florida, and doing business at Jacksonville, in said state, during the years 1909, 1910, 1911, 1912, 1913, and 1914, and rendered to the collector of revenue for the district its return of annual net income for each of said years; that in each of its annual returns for the years 1909, 1910, and 1911 deductions were made for state, county, and municipal taxes, paid under chapter 5596 of the Laws of Florida, 1907; and that the amounts claimed in the first three counts are 1 per cent. of these taxes so deducted, specifying each of such amounts.   As to the amounts claimed in the fourth, fifth, and sixth counts, it is stipulated that these amounts have already been paid, and application is now pending before the department for a refund.

I find the facts as set forth in the stipulation, which stipulation is made a part hereof.   This presents the question of law, on the first,

second, and third counts, whether the tax paid by the bank defendant to the state, county, and city was properly deducted from the gross income. Section 8 of chapter 5596 of the Laws of Florida, is as follows:

"The owner or holder of stock in any incorporated company doing business under the corporate name shall not be taxed for such stock: Provided, that such stock is returned for taxation by such incorporated company and taxes are paid thereon by such company, or the property of said company is assessed for taxes where located and taxes are then paid on such property."

The decision of the question of the liability of the bank under the first three counts depends upon the construction of this act of Florida Legislature. If the tax is upon the bank, as distinguished from the stockholder, the defendant is not liable. If it is a tax upon the stockholder, and the payment by the bank is for the stockholder, not for itself, then it is liable. The rest of the provision of section 8 of the chapter, where provision is made for the taxing of the stockholders in national banks, would seem to evince the intention of the Legislature to make the bank return its property, stock, etc., and pay taxes thereon. In case of failure of the bank to do this, then and only then the state would look to the stockholder for taxes on the value of his stock. It seems to me the primary obligation rests upon the bank to pay this tax, without provision to recover it from the stockholder, as is the case with national banks. Such being the case, the tax so paid must be deducted from the gross income, to arrive at the net amount on which the 1 per cent. of excise tax is to be calculated, under the fourth subdivision of the second clause of section 38 of the Act of August 5, 1909 (36 Stat. 113, c. 6).

I am therefore of opinion that, upon the pleadings and stipulation of facts filed herein, judgment should go for the defendant on all the counts in the declaration.