## APPEAL OF BANK OF COMMERCE.

Docket No. 4156.   Submitted October 22, 1925.   Decided February 19, 1926.

1. Under section 277 (b), Revenue Act of 1924, the period within which an assessment of the deficiency determined by the Commissioner may be made is extended when an appeal is taken to the Board.

2. Taxes imposed upon the shares of the stockholders of a Georgia banking corporation, where the statute required the bank to make the return and pay the tax, *held* to be a tax imposed upon the shareholders, and, under the Revenue Act of 1918, not to be a proper deduction in determining the net income of the bank.

*Bradley Hogg, Esq.*, for the taxpayer.
*J. W. Fisher, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

The taxpayer appeals from the determination of deficiencies in income and profits tax of $247.10 for 1919 and of $438.14 for 1920. It assigns as error the refusal of the Commissioner to permit taxpayer to deduct taxes levied upon its capital stock by the State of Georgia, and also alleges errors of computation. As a defense to the 1919 deficiency, it claims that the time within which the assessment could be made has expired.

### FINDINGS OF FACT.

1. The taxpayer is a corporation, organized under the laws of the State of Georgia, with its principal office at Americus.

2. Taxpayer's income and profits-tax return for 1919 was filed May 8, 1920. The notice of the deficiency from which this appeal is taken was mailed to the taxpayer on March 14, 1925.

3. In 1919 taxpayer paid to the State of Georgia a tax of $1,720.32 on its shares of stock, and in 1920 it paid a similar tax of $2,119.33. These taxes were claimed by the taxpayer as deductions in the respective years and were disallowed by the Commissioner in computing the deficiency.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

PHILLIPS: Taxpayer complains that certain errors of computation have been made in the deficiency letter which are apparent upon their face. The report of an internal revenue agent who examined tax-

payer's books allowed depreciation for 1919 of $1,255.78 and for 1920 of $1,288.81, of which $300 in each year was allowed upon the appreciated March 1, 1913, value of a building in excess of its cost. The Commissioner subsequently notified the taxpayer that the depreciation had been increased for 1919 by $384.68 and for 1920 by $414. It does not appear whether any part of such additional depreciation was based upon the appreciated March 1, 1913, value of the building. The revenue agent's report was used as a basis for the computations in the deficiency letter. The depreciation allowed by him was reduced by $300 in each year, the letter stating that depreciation would not be allowed upon the appreciated March 1, 1913, value of the building without proof of such value. Such deficiency letter also increased the depreciation allowed in the agent's report by $84.68 for 1919 and by $114 for 1920, each of these items being $300 less than the additional depreciation allowed by the Commissioner in a previous letter, referred to above. On this state of the record it is impossible to determine whether any error was committed by the Commissioner, for there is nothing upon which we can determine whether the taxpayer was entitled to the additional depreciation of $384.68 for 1919 and $414 for 1920, as allowed by the Commissioner at one time, or $84.68 for 1919 and $114 for 1920, as finally determined by the Commissioner.

The taxpayer's income for 1920 was computed by the Commissioner upon the basis of the profits shown upon taxpayer's books, certain adjustments being made in the book profits. To such book profits the Commissioner has added, among other things, the amount of $258.97, stated to be loss upon sale of bonds, apparently determining that no such loss had been incurred. If the profits shown upon taxpayer's books reflected a loss of such amount and such a loss was not, in fact, sustained, the determination of the Commissioner is correct. No proof was introduced, the taxpayer relying upon what he claimed to be an error upon the face of the computation. The determination of the Commissioner upon this point must be approved.

Taxpayer further claims that there is no deficiency in tax for 1919, since the time within which an assessment could be made has expired. The return was filed on May 8, 1920. Notice of the deficiency from which this appeal is taken was mailed to the taxpayer on March 14, 1925. Taxpayer relies upon the five-year statute of limitations and disregards the provisions of section 277 (b) of the Revenue Act of 1924, which extends the period of limitations when a deficiency letter is mailed to the taxpayer. The statute clearly extends the period of limitations in such a manner that appeals to this Board can not be used for the purpose of delaying assessment

until after the period has expired within which an assessment may be made.

The principal contention of the taxpayer is that the Commissioner committed error in refusing to allow as a deduction taxes paid to the State of Georgia upon its shares of stock. The Georgia statute provides:

> No tax shall be assessed upon the capital of banks, or banking associations, organized under the authority of this State, or of the United States, located within this State, but the shares of the stockholders of the banks or banking associations, whether resident or non-resident owners, shall be taxed in the county where the banks or banking associations are located, and not elsewhere, at their full market value, including surplus and undivided profits, at the same rate provided in this Article for the taxation of monied capital in the hands of private individuals; * * *.
>
> The banks or banking associations themselves shall make the returns of the property and the shares herein mentioned, and pay the taxes herein provided. *Provided, further*, That all property used in conducting or operating a branch bank shall be returned for taxation in the county where such branch bank may be located. The true intent and meaning of this section is that the bank itself shall return for taxation and pay the taxes on the full market value of all shares of said bank stock. (Ga. Code, 1910, sec. 991.)

The taxpayer relies principally upon the decision of the District Court for the Southern District of Florida in *United States* v. *Guaranty Trust & Savings Bank*, 253 Fed. 291; 1 Am. Fed. Tax Rep. 1012. In that case the statute under construction provided:

> The owner or holder of stock in any incorporated company doing business under the corporate name shall not be taxed for such stock: *Provided*, that such stock is returned for taxation by such incorporated company and taxes are paid thereon by such company, or the property of said company is assessed for taxes where located and taxes are then paid on such property.

In that case the decision was reached that the tax was imposed upon the corporation and not upon the shareholders. The provisions of the Georgia statute are different. They provide that no tax shall be assessed upon the capital of the corporation but that the shares of the stockholders shall be taxed. The section further provides that the tax upon the shares shall be paid by the bank. It does not appear that there is any express provision in the statute by which the bank is to be reimbursed by its shareholders, and this is relied upon by taxpayer as establishing the fact that the payment is made by the bank for its own account without recourse for reimbursement against the stockholders.

There are a number of decisions of the courts construing such statutes as that here in question. These decisions include *National Bank* v. *Commonwealth*, 9 Wall. 353; *Home Savings Bank* v. *Des Moines*, 205 U. S. 503; *First National Bank* v. *McNeel*, 238 Fed. 559; 1 Am. Fed. Tax Rep. 723; *National Bank of Commerce* v. *Allen*, 223

Fed. 472; 1 Am. Fed. Tax Rep. 483; *Eliot National Bank* v. *Gill*, 218 Fed. 600; 1 Am. Fed. Tax Rep. 407.

In some of the statutes involved in these decisions express provision was made that the bank should have a lien upon the dividends and upon the stock for reimbursement for the tax paid. In others there was no such provision. In *First National Bank* v. *McNeel*, *supra*, section 4273 of the Code of Mississippi of 1906 was under construction by the Circuit Court of Appeals for the Fifth Circuit. The statute provided that the principal officer of each bank should deliver to the assessor of taxes of the county in which it was located a written statement, under oath, of the number and amount of all the shares of its capital stock paid in and of the amount of its undivided surplus or accumulations of any sort, that the value of such shares should be based upon the sum of such amounts and should be the basis of taxation of such shares to the holder or owner thereof. The bank was required to pay the tax. In that case the court, which included District Judge Call, who subsequently decided the case of *United States* v. *Guaranty Trust & Savings Bank*, *supra*, upon which the taxpayer relies, held, in a *per curiam* decision, that the tax was upon the shareholder and not upon the bank.

In *Home Savings Bank* v. *Des Moines*, *supra*, the Supreme Court held unconstitutional a tax imposed upon the capital of banks where, by express provision of the law, the tax was imposed upon the banks and not upon the individual stockholders. The court distinguishes the case before it from the case where the tax is imposed upon the shareholders and is to be paid by the bank, upon the ground that, in the latter case, the corporation has a common-law right to recover from the shareholders the tax paid.

We do not conceive that the provision of the Georgia statute making the bank liable to make the return and to pay the tax prevents a recovery from the shareholders. The law provides in express terms that the tax is not upon the capital of the bank but is upon the shares of the stockholders. The bank is the agency through which the tax upon the shares is to be collected. Having paid a tax imposed upon its shareholder, it has the right at common law to collect such tax, whether or not a lien is granted by express provision of the law. *National Bank* v. *Commonwealth*, *supra*. In that case the Supreme Court, construing such a provision of the laws of Kentucky, says:

If the State of Kentucky had a claim against a stockholder of the bank who was a non-resident of the State, it could undoubtedly collect the claim by legal proceeding, in which the bank could be attached or garnisheed, and made to pay the debt out of the means of its shareholder under its control. This is, in fact, what the law of Kentucky does in regard to the tax of the State on the bank shares.

We conclude that the tax under discussion is imposed upon the shareholders and not upon the bank, that the bank is merely a means used by the State to enforce collection, and that the tax is not a proper deduction, under the Revenue Act of 1918, from the income of the taxpayer.