FERGUSON, Late Collector of Internal Revenue, v. FIDELITY UNION TRUST CO.

Circuit Court of Appeals, Third Circuit. February 16, 1928.

No. 3621.

Internal revenue ⬤=7(20)—Bank held entitled to deduction from gross income of tax paid under New Jersey Bank Stock Tax Act; "imposed" (Revenue Act 1916, § 12 [a], [Comp. St. § 6336*l*]; Bank Stock Tax Act N. J. § 8).

Bank Stock Tax Act (Laws N. J. 1914, c. 90) provides for assessment and taxation of bank shares to the holders thereof, but that the tax shall be paid by the bank, which shall have a lien therefor on the shares. By section 8 it is provided that at its request, before assessment, and agreement to pay the same, the assessment shall be made against the bank. *Held*, that a tax assessed and levied against a bank under such provision is one "imposed" on the bank by state authority, within the meaning of Revenue Act 1916, § 12(a) (Comp. St. § 6336*l*), and that when paid the bank is entitled to deduct it from gross income.

· [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Impose.]

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by the Fidelity Union Trust Company against Frank C. Ferguson, late Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 17 F.(2d) 660.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., James S. Turp, Asst. U. S. Atty., of Trenton, N. J., and C. M. Charest and Stanley Suydam, both of Washington, D. C., for plaintiff in error.

Louis Hood and Hood, Lafferty & Campbell, all of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The Fidelity Union Trust Company, which we shall call the bank, is a corporation of New Jersey. In making a federal tax return for the year 1917 it deducted from its gross income an item of $45,643.03, being the amount of taxes on its capital stock assessed against it for that year by the County Board of Taxation of Essex County, New Jersey, and paid in response to the assessment. The Commissioner of Internal Revenue disallowed the deduction and, by reason thereof, assessed against the bank an additional tax of $2,738.66 which it paid under protest and then sought to recover by this suit against the collector. The bank had judgment and the case is here on the collector's writ of error.

The sole question is whether in computing taxable net income the bank was entitled to a deduction of the state taxes so assessed and paid.

The applicable federal tax statute is the Revenue Act of 1916. (39 Stat. 756, 767–769). By section 12(a) of that act (Comp. St. § 6336*l*), whose original was the special excise tax of the Tariff Act of August 5, 1909, c. 6, § 38, par. 2, 36 Stat. 112, it is provided that:

"In the case of a corporation, * * * organized in the United States, such net income shall be ascertained by deducting from the gross amount of its income received within in the year from all sources—

* * * * * * * * *

"Fourth. Taxes paid within the year imposed * * * under the authority of any State, county, school district, or municipality. * * * *"

The state tax statute, under which the tax deducted in computing federal taxes was paid, is the Bank Stock Tax Act of New Jersey (chapter 90 of the New Jersey Laws of 1914; P. L. 1914, p. 141) which in its main aspects is similar to the tax acts of other states but in one respect is radically different from all that have come to our attention. It is this difference that distinguishes this case from other cases cited and, similarly, that will distinguish this decision from the decisions in those cases.

Section 1 of the state act plainly shows the subject toward which the General Assembly of New Jersey directed the tax. It prescribes that the tax shall be assessed against the shares of the capital stock of banks and trust companies organized under authority of that state wholly without reference to who shall pay the tax so assessed, and then provides that the shares shall be assessed and taxed according to their true value, to be determined in the manner prescribed by section 2, not here important. Passing to section 7, the Act provides that the tax on stock shall be assessed against the sharehold-

ers whose names and addresses may be ascertained from a list which, according to section 3, the bank must supply the taxing authorities. This section further provides that the taxes thus assessed against the shareholders shall be paid not by them but by the bank, and when so paid the bank shall have a lien upon the shares for the payment and retain the amount so paid out of subsequent dividends, and if the taxes are not paid by the bank the shares may be levied upon and sold by the collector.

The assessment and collection of taxes on the capital stock of banks is old in many state statutes. But the statute of New Jersey contains several new and unusual provisions which evidently called for a new procedure. As the statute provides that the tax on the shares, against whomsoever assessed, "shall be in lieu of all other State, county, or local taxation upon such shares or upon any personal property held or owned by the bank * * *" and that, when collected, shall be paid to and divided according to named percentages between the county and taxing district of the bank's location, the General Assembly evidently thought that the tax, though nominally assessed against the stock, is, after all, a tax against the bank which the bank might as well pay under direct assessment against it, and so it provided by section 8 that if, before an assessment is made on its shares, the bank "shall, by resolution of its board of directors" filed with the taxing authorities, "request the county board of taxation to assess to and in the name of the bank * * * the entire taxable value of all the shares of stock therein, instead of assessing the same to and in the name of the individual shareholders owning the same, and if such bank, * * * shall promise and agree that it will pay the taxes levied against such shares * * * then the total amount of the capital, surplus and undivided profits shall be assessed to and in the name of the bank, * * * the tax shall be a lien against the property and assets of the bank * * * and collectible as other taxes are collected: Provided, that nothing herein contained shall be construed as a taxation of property as distinguished from capital stock" —manifestly intending by the proviso not to violate the law of McCulloch v. State of Maryland, 4 Wheat. 316, 4 L. Ed. 579, and Owensboro National Bank v. Owensboro, 173 U. S. 664, 19 S. Ct. 537, 43 L. Ed. 850, a matter not raised in this case.

Before any assessment was made, the plaintiff bank, acting under the provisions of section 8, requested that the assessment be made against it and promised to pay, and did pay, the taxes on its shares. Whether taxes assessed and paid in this manner under the New Jersey Act are deductible under the cited provision of the Revenue Act of 1916 turns, the Government contends, on the meaning of the word "imposed" as it is used in the phrase "taxes paid within the year imposed * * * under the authority of any State," the position of the Government being that when a banking corporation accepts the alternative of the New Jersey Act and elects to pay the State tax on its shares, that tax is not "imposed" upon the banking corporation but is assumed by it and therefore falls outside the Revenue Act which allows deduction only for taxes "imposed" by state law. This contention has required a rather full recital and calls for a careful analysis of the New Jersey Bank Stock Tax Act.

Its title, somewhat significant, is "An act to regulate the assessment and collection of taxes upon the shares of the capital stock of banks, banking associations and trust companies. * * *" It is clear from reading the Act that the scheme of the General Assembly of New Jersey was to make the shares of banking corporations a subject of taxation. By the very first section, as we have noted, it provides that the shares of the capital stock of banks shall be "assessed and taxed" wholly without reference to who shall pay the taxes. Seemingly the state did not care against whom the taxes were assessed—whether against one holding the shares or against one issuing them—just so long as it got the taxes; and it made their collection certain by requiring the bank to pay them, however assessed. Then, quite naturally, the law provides first that the taxes on the shares shall be assessed against the shareholders; next, it provides that they shall be assessed against the bank itself if it should so desire, having first indicated its choice in the way prescribed. That is what the bank did in this instance. Then, and for the first time, the taxing authorities came into action and assessed the taxes on the shares against the bank. When the bank thus acted and the assessment was thus made, the obligation to pay the taxes was that of the bank with no recourse to the shareholders for repayment, which is the thing that distinguishes this case under the New Jersey Act from cases under other state acts where there is in substance the provisions of section 7 but not the provisions of section 8. Courts have held quite uniformly that banking corporations when they assume to pay taxes on their

shares imposed upon and assessed against shareholders by force of state statutes are acting as agents for their shareholders with the right to recover from them the amount of the taxes they have paid for them but without a right under federal statutes to deduct the amount so paid from gross income in determining their own net income for federal tax purposes. Eliot National Bank v. Gill (D. C.) 210 F. 933; Id. (C. C. A.) 218 F. 600; National Bank of Commerce v. Allen (D. C.) 211 F. 743; (C. C. A.) 223 F. 472; Northern Trust Co. v. McCoach (D. C.) 215 F. 991; First National Bank of Jackson v. McNeil (C. C. A.) 238 F. 559; Porter v. United States (D. C.) 20 F. (2d) 935; United States v. Guaranty Trust & Savings Bank (D. C.) 253 F. 291, distinguished by express terms of a state act.

But the state taxing acts (with the possible exception of one) under which these decisions disallowed deductions by banks for payment of state taxes assessed against their shareholders contain (according to the reported cases) no provision like section 8 of the New Jersey Act which, though in the alternative, specifically provides for assessment of the taxes against the bank. The exception is an Act of Florida quoted in United States v. Guaranty Trust & Savings Bank (D. C.) 253 F. 291. Nor in those cases were the taxes on shares in fact assessed against the banks. In this case, however, the plaintiff bank, acting under authority of the New Jersey Act, elected to become the taxable, undertook to pay the taxes itself without any right over against its shareholders, thereby relieved itself of payment of all other state, county and local taxes on all personal property it held or owned and made its property liable for payment. This, we think, was an undertaking by the bank to pay the taxes for itself, not for its shareholders, and thereby the first, sole and ultimate obligation to pay the taxes on its shares, when assessed, was that of the bank. And this is peculiarly true in view of the fact that nowhere in the statute is there provision for collecting taxes from shareholders personally on default of payment by the bank. But when election by the bank in this case was made under authority of the state statute no taxes had been assessed against anyone. Later the taxes (again under authority of the state law) were actually assessed to and in the name of the bank. We think a tax is not "imposed" until assessed and when assessed it is imposed within the meaning of the federal act, in this instance upon the bank, and when paid by the bank it is the kind of tax which the federal act

says the bank may deduct in determining its net income for purposes of federal taxation.

The judgment below is affirmed.