### MASSEY v. LEDERER, Collector of Internal Revenue.

(District Court, E. D. Pennsylvania. December 30, 1921.)

No. 7810.

1. **Internal revenue ☞7—Corporation, paying taxes on bond interest, pays for bondholders.**

Under Revenue Act 1917 tit. 12, § 1205, subd. (c), being Comp. St. 1918, § 6336i, requiring the normal income tax to be withheld by a corporation issuing bonds which contain a tax-free covenant or contract, the money so withheld and paid directly to the United States by the corporation is the money of the bondholder, and the tax paid is the tax on the bondholder, and not on the corporation.

2. **Internal revenue ☞7—Tax paid by corporate obligors is income of bondholder.**

The normal tax paid directly to the government by a corporation on bonds containing a tax-free covenant is part of the income of the bondholder, and returnable and taxable as such.

3. **Internal revenue ☞7—Tax paid by corporate obligors is levied on bondholders.**

The provision of the Revenue Act of 1917 (Comp. St. 1918, § 6336⅜a et seq.) that a corporation cannot deduct from its gross income the amount withheld by it as the normal tax on its bonds containing tax-free covenant does not show that the tax so paid was the tax of the corporation, and not of the bondholders, since Congress also refused to allow such corporations to deduct all interest paid by them.

At Law. Action by George V. Massey against Ephraim Lederer, Collector of Internal Revenue. Judgment entered for defendant.

C. Berkeley Taylor, of Philadelphia, Pa., for plaintiff.

T. Henry Walnut, Asst. U. S. Atty., and George W. Coles, U. S. Atty., both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. This is a suit brought against the defendant, as collector of internal revenue for the First district of Pennsylvania, to recover the sum of $21.31, being the amount of additional income tax alleged to have been unlawfully assessed against the plaintiff for the year 1917 under Revenue Acts Sept. 8, 1916 and Oct. 3, 1917 (Comp. St. 1918, § 6336⅜a et seq.) and paid under protest to the defendant. The facts are as follows:

In February, 1918, the plaintiff filed with the defendant a return of his taxable income for the year 1917. Of his gross income, the sum

of $8,880 was received as interest on bonds of certain corporations containing covenants, varying in form, but to the same effect, agreeing to pay to the bondholder interest at the prescribed rate without deduction of taxes imposed under any law of the United States. . The normal tax of 2 per cent. upon the income thus derived was $177.60, which was accordingly so assessed by the Commissioner of Internal Revenue, and withheld and paid under the provisions of title 12, § 1205, subd. (c), of the Revenue Act of October 3, 1917, amending subdivision (c) of section 9 of the Revenue Act of September 8, 1916 (Comp. St. 1918, § 6336i), by the corporate obligors of said bonds   In September, 1919, the plaintiff was notified by the Commissioner of Internal Revenue that, upon an office audit of his income tax returns for 1917, the said amount of $177.60 payable by the several corporations under the tax-free covenants of the said bonds was "in the nature of additional income to bondholder," and was subject under the Revenue Acts of 1916 and 1917 to additional taxes of $21.31.   Taxes to that amount were accordingly assessed and paid by the plaintiff under protest.   A claim for refund having been duly made and rejected by the Commissioner of Internal Revenue, the instant suit was brought.

The question involved is whether the sum of $177.60, representing the aggregate of the normal 2 per centum tax, withheld by the corporate obligors and by them respectively paid to the defendant, constitutes an increment of taxable income which should have been included in the plaintiff's return as part of his gross income for the year 1917.   There is no dispute in the case that the taxes assessed upon the amount in question were assessed under the applicable provisions of the acts of 1916 and 1917 as to percentage.

Title 12, § 1200, of the Revenue Act of 1917 (Comp. St. 1918, § 6336b), defining the net income of taxable persons provides:

"(a) That, subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include gains, profits, and income, derived from * * * interest, rent, dividends, securities, * * * or gains or profits and income derived from any source whatever."

The situation may be stated as follows:   The plaintiff was the holder of corporate obligations by the terms of which the obligors, respectively, contracted to pay interest annually at a certain rate upon the principal debt.   They contracted in addition that the amount paid should be without deduction for taxes due the United States.   It goes without saying that this covenant included taxes otherwise payable by the individual upon the principal or interest received.

[1] Under the statutes, interest received by the bondholder is made subject to an income tax at varying rates, and title 12, § 1205, subd. (c), of the Revenue Act of 1917, requires that the normal tax shall be withheld by corporate obligors where the obligation contains a tax free covenant or contract.   In such case the tax is imposed upon the individual owning the obligations but instead of being paid by him, and recoverable by him from the corporate obligor, Congress, in order to prevent multiplicity of collections and obtain direct payment, has provided that the tax shall be paid to the government by the corporation,

which has obligated itself to pay the tax for the bondholder. The money paid by the corporate obligor pays the debt of the individual owner to the United States, and not a debt of the obligor to the United States; it being under its contract obligated only to the bond owner, but by statute required to pay directly to the government and not to the owner. It pays under the statute because of its contract with the owner, and not because of any tax assessed against it. By assuming to pay the interest free of taxes, when the interest accruing to the bondholder is made subject to taxes and it pays those taxes to the government for the individual, the same situation is created as when a tenant under a lease covenants to pay the taxes upon real estate. The rental of the leased premises is thereby increased by the amount of the taxes, and the total becomes income to the lessor, subject under the revenue acts to deduction, but nevertheless income equally with the rent named in the lease.

The tax-free covenant in the bonds is equivalent to an agreement of the obligors to pay to the owners the agreed rate of interest plus the taxes, and it is immaterial whether the taxes are paid by the owners of the bonds to the government and the amount thereof paid by the obligors to the owners, or whether under the covenant and the statute the taxes are paid direct to the government by the obligors. This conclusion is sustained by the reasoning in the case of Houston Belt & Terminal Railway Co. v. United States, 250 Fed. 1, 162 C. C. A. 173, Blalock v. Georgia Railway & Electric Co., 246 Fed. 387, 158 C. C. A. 451, and Rensselaer & Saratoga Railroad Co. v. Irwin (D. C.) 239 Fed. 739, affirmed in 249 Fed. 726, 161 C. C. A. 636.

[2] The taxes paid for the plaintiff by the corporation come within the definition of income as "gains, profit, and income derived from any source whatever," in the act of 1917.

[3] The contention of counsel for the plaintiff is that the duty imposed upon corporate obligors by the act of 1917, where their obligations contain tax-free covenants, constitute in effect an imposition of the tax directly upon the corporation, and that the argument is strengthened because the corporation is not allowed to deduct taxes so paid under tax-free covenants from its gross income, while deducting certain portions of the interest paid upon its obligations. I perceive nothing in this argument to indicate that the tax is laid upon the corporation rather than upon the individual. It is the normal tax of 2 per cent. upon the individual which the corporation is obliged to withhold.

The argument that Congress intended to lay the tax on the corporation, because it did not permit the tax so paid to be the subject of a deduction, has little weight, when we find that Congress also did not allow corporations a deduction for all of the interest paid by them, but only for interest upon the amount of their indebtedness, not in excess of their paid-up capital stock, or, if none, the amount of capital employed plus one-half of the interest-bearing indebtedness then outstanding. The net income upon which taxes are payable is what remains out of gross income after deduction of what is permitted to be

deducted by law, and we cannot draw the broad conclusion that Congress intended the 2 per cent. normal tax imposed on the individual to be construed as a tax not upon him, but upon the corporate obligor because of the denial of the right to deduct such taxes so paid from the gross income of the obligor. Traylor Engineering & Manufacturing Co. v. Lederer (D. C.) 266 Fed. 583; First National Bank of Jackson v. McNeel, 238 Fed. 559, 151 C. C. A. 495.

The conclusion is that the plaintiff is not entitled to recover, and judgment will be entered for the defendant.