Appeal of **MARY CLARK KLING.**     Docket No. 1495.

The amount of the normal tax paid by a debtor corporation on bonds containing a tax-free covenant clause is not a part of the taxable income required to be included in the bondholder's income-tax return under the provisions of the Revenue Act of 1918.

Submitted March 14, 1925; decided April 27, 1925.

*Addison S. Pratt, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

This appeal is from a deficiency in income tax for the year 1920 of $424.91. The question in issue is whether the amount of the normal tax paid by a debtor corporation on bonds containing a tax-free covenant clause is a part of the taxable income required to be included in the income-tax return of the bondholder.

### FINDINGS OF FACT.

In her income-tax return for 1920 the taxpayer included as a part of her taxable income $2,640, the amount of the normal tax at 2 per cent paid by a debtor corporation on tax-free covenant bonds to the collector of internal revenue under the provisions of section 221(b) of the Revenue Act of 1918. In an audit of the return, the Commissioner made certain adjustments therein which operated to increase the net income by the amount of $503.69. These adjustments in no wise affected the item of $2,640 returned as a part of the taxable income by the taxpayer in her original return. The taxpayer now claims that the $2,640 was returned in error. If this amount is excluded from gross income there was no deficiency in income tax for the year 1920.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

SMITH: This appeal presents two questions for determination: (1) Whether the Board has jurisdiction of an appeal in which the taxpayer does not take exception to the adjustments in the taxpayer's income-tax return made by the Commissioner but sets up as an offset thereto an alleged error in the original return not corrected by the Commissioner in the making of his adjustments; and (2) whether a taxpayer is required to include in the gross income shown in a tax

return the amount of the normal tax of 2 per cent paid by a debtor corporation in respect of interest paid to the taxpayer by such debtor corporation upon its bonds, containing a tax-free covenant clause, owned by the taxpayer?

With respect to the jurisdictional question, it is to be noted that the Commissioner proposes to assess against the taxpayer an alleged deficiency in income tax for the year 1920. The taxpayer has a right, under section 280 of the Revenue Act of 1924, to appeal to this Board from the assessment of the deficiency. There is no requirement of the statute that the taxpayer confine his appeal to the adjustments made by the Commissioner in the taxpayer's return. If he has any appeal from the deficiency he may assert it before this Board. This point was decided in *Appeal of E. J. Barry*, 1 B. T. A. 156; in *Appeal of Gutterman Strauss Co.*, 1 B. T. A. 243; and in *Appeal of Hickory Spinning Co.*, 1. B. T. A. 409.

In her petition the taxpayer alleges that she received on January 1, 1920, $60,000, and on July 1, 1920, $72,000, as the interest at 4 per cent on certain bonds of the Los Angeles & Salt Lake Railroad Co. owned by her, and that the said bonds contained the following covenant:

Both the principal and the interest of this bond shall be paid without deduction for any tax or taxes which the Railroad Company may be required to pay thereon, or to retain therefrom, under any present or future law of the United States of America, or of any state, territory, county or municipality therein.

She also alleges that, on information and belief, the said Los Angeles & Salt Lake Railroad Co. paid to the United States, in accordance with the law, the tax at 2 per cent upon the said sum of $132,000, the interest received upon the said bonds, namely, the sum of $2,640, and that, in accordance with the regulations of the Internal Revenue Bureau in force at the time, the taxpayer included in the gross income reported in her income-tax return for 1920 under Schedule "G," Item 4, the said sum of $2,640, and paid the normal tax and surtax thereon. The Commissioner admits that the taxpayer included in her income-tax return for 1920 the $2,640 in question.

The question in issue here was before the District Court for the Eastern District of Pennsylvania in the case of *Massey* v. *Lederer*, 277 Fed. 123, and the court held that the amount of the income tax thus paid by a debtor corporation constituted taxable income of the bondholder who received the interest upon the bond. The same question was later considered by the United States District Court for the District of New Jersey (in the same circuit) in the case of *Pitney* v. *Duffy*, 291 Fed. 621, and that court reached an opposite conclusion. This decision was later affirmed by the United States Circuit Court of Appeals for the Third Circuit, *Duffy* v. *Pitney*, 2 Fed. (2d) 230, and writ of certiorari was denied by the United States Supreme Court, February 2, 1925.

Section 212 of the Revenue Act of 1918, under the provisions of which act the taxpayer made her income-tax return for the year 1920, states that " the term ' net income ' means the gross income as defined in section 213, less the deductions allowed by section 214."

Section 213 defines gross income as including—

* * * gains, profits, and income [derived from named sources] ; also from interest, rent, dividends, securities, or the transaction of any business

carried on for gain or profit, or gains or profits and income derived from any source whatever.

## Section 221 (b) provides:

In any case where bonds, mortgages, or deeds of trust, or other similar obligations of a corporation contain a contract or provision by which the obligor agrees to pay any portion of the tax imposed by this title upon the obligee, or to reimburse the obligee for any portion of the tax, or to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to 2 per centum of the interest upon such bonds, mortgages, deeds of trust, or other obligations, whether such interest is payable annually or at shorter or longer periods and whether payable to a nonresident alien individual or to an individual citizen or resident of the United States or to a partnership:   *   *   *

## Subdivision (d) of the same section provides:

Income upon which any tax is required to be withheld at the source under this section shall be included in the return of the recipient of such income, but any amount of tax so withheld shall be credited against the amount of income tax as computed in such return.

If the Revenue Act of 1918 contained no section 221, the taxpayer would have received in 1920 the same amount of interest upon her bonds as she actually did receive. In such case she would have been required to pay the full amount of the normal tax and the surtax upon her entire income. By the provisions of section 221 of the taxing act she has been relieved from the normal tax to the extent of 2 per cent of the amount thereof due upon her income from the interest on the bonds. Is the amount of this tax, from the payment of which the taxpayer is relieved by the provisions of the taxing act, additional income to her? The Commissioner holds that it is, whereas the taxpayer claims that it is simply an amount of the normal tax from the payment of which she is relieved by section 221 of the taxing act.

Anent this point the Circuit Court of Appeals, in the case of *Duffy* v. *Pitney*, 2 Fed. (2d) 230, 231, states:

Bonds containing these and like provisions have long been known as bonds with "tax-free covenants." Of the existence of millions of such bonds, outstanding and in force, Congress had full knowledge when it came to enact income tax legislation. It might have ignored them had it desired to do so and have imposed payment of the full normal tax upon the taxable, but it recognized that holders of bonds of this class had acquired by contract certain definite advantages which had entered into the price paid for them and of which they should not be deprived without reason. Being concerned primarily in obtaining the full tax on the interest paid and income received, Congress found a way of making the collection of the whole tax certain and at the same time saving to the holders of tax-free covenant bonds their peculiar advantage.

The Commissioner attempts to include the amount of the tax paid by the obligor corporation in the instant case upon the theory that:

The amount of income tax paid for a bondholder by an obligor pursuant to a tax-free covenant in its bonds is in the nature of additional interest paid the bondholder and must be included in his gross income.   (Article 31 of Regulations 45.)

Obviously this is a pure fiction. If the benefit realized by the taxpayer is not income it is not taxable as income under any fiction.

In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not

specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen. *Gould* v. *Gould*, 245 U. S. 151.