**UNION PAC. R. CO. v. BOWERS and three other cases.**

District Court, S. D. New York. August 16, 1928.

Clark, Carr & Ellis, of New York City (Henry W. Clark, of New York City, of counsel), for plaintiffs.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendants.

GODDARD, District Judge. Motions made by the defendant to dismiss the complaints in actions brought to recover taxes paid under protest. The complaints in the four actions referred to are alike, except as to figures, and the questions involved are the same. The facts in the Union Pacific Railroad Company's case are characteristic of the other suits, except as to the amounts. Its complaint alleges "that during the calendar year 1923 plaintiff had outstanding corporate bonds (hereinafter called its 'tax-free covenant bonds') wherein it covenanted and agreed to pay the interest thereto appertaining (hereinafter called its 'tax-free covenant interest') without deduction for any tax which it might be required or permitted to pay on said interest or to retain therefrom under any law of the United States." And it appears that on or before March 15, 1924, plaintiff prepared and filed a return for the year 1923 of taxes for which it was liable under sections 221 and 237 of the Revenue Act of 1921 (42 Stat. 248, 258), and included therein the sum of $80,041.42; this being 2 per cent. of the tax-free covenant interest paid by it during 1923 to individuals and partnerships holding its tax-free covenant bonds as taxes imposed by paragraph (c) of section 221, being a section of part 2, tit. 2, of the Revenue Act of

1921. The plaintiff, on June 16, 1924, in offering to pay the amount withheld from the Commissioner of Internal Revenue, attempted to deduct therefrom 25 per cent. of the returned tax liability on such tax-free covenant interest, claiming to be entitled to such credit by virtue of section 1200 of the Revenue Act of 1924 (43 Stat. 353), which became a law on June 2, 1924. On October 29, 1924, the defendant collected from the plaintiff, under a warrant of distraint, the amount of the 25 per cent. credits which it had deducted in making its tax payment of June 16, 1924; that in paying interest on its tax-free covenant bonds the plaintiff paid to the holders of the bonds their interest in full, and no part of the 2 per cent. income tax on bond interest returned by the plaintiff to the government and now claimed in this suit was actually withheld by the plaintiff from interest payments or collected from the bondholders.

In these actions the plaintiffs seek to recover this 25 per cent. which they paid under protest. The government denies that these plaintiffs are entitled to this 25 per cent., and moves to dismiss the complaints on the ground that the complaints did not set forth a cause of action.

Plaintiffs base their claim for recovery of this 25 per cent. upon section 1200 (a) of the Revenue Act of 1924, reading as follows:

"Sec. 1200 (a). Any taxpayer making return, for the calendar year 1923, of the taxes imposed by parts I and II of title II of the Revenue Act of 1921 shall be entitled to an allowance by credit or refund of 25 per centum of the amount shown as the tax upon his return." 43 Stat. 353.

Section 221 (b), pt. 2, tit. 2, of the Revenue Act of 1921, is as follows:

"In any case where bonds, mortgages, or deeds of trust, or other similar obligations of a corporation contain a contract or provision by which the obligor agrees to pay any portion of the tax imposed by this title upon the obligee, or to reimburse the obligee for any portion of the tax, or to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon, or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to 2 per centum of the interest upon such bonds, mortgages, deeds of trust, or other obligations, whether such interest is payable annually or at shorter or longer periods and whether payable to a nonresident alien individual or to an individual citizen or resident of the United States or to a partnership: Provided, that the Commissioner may authorize such tax to be deducted

and withheld in the case of interest upon any such bonds, mortgages, deeds of trust, or other obligations, the owners of which are not known to the withholding agent. Such deduction and withholding shall not be required in the case of a citizen or resident entitled to receive such interest, if he files with the withholding agent on or before February 1, a signed notice in writing claiming the benefit of the credits provided in subdivisions (c) and (d) of section 216; nor in the case of a nonresident alien individual if so provided for in regulations prescribed by the Commissioner under subdivision (g) of section 217." 42 Stat. 248.

The particular ground urged by the government for dismissing the complaints is that the Union Pacific Railroad Company is not a taxpayer under section 1200, that it is merely a withholding agent, and that the owner of the bonds is the taxpayer. In the Revenue Act of 1924, title 1, "General Definitions," section 2(9), states:

"The term 'taxpayer' means any person subject to a tax imposed by this act." 26 USCA § 1262(a) (9).

Section 200, par. (c) states:

"The term 'withholding agent' means any person required to deduct and withhold any tax under the provisions of sections 221 or 237." 26 USCA § 931(c).

It seems to me that section 1200 (a) was intended solely for the benefit of the taxpayer; that is, the person whose income was subjected to the tax. It is his income which measures the tax.

The Circuit Court of Appeals, Third Circuit, in Duffy v. Pitney, 2 F.(2d) 230, 231, in considering tax-free covenant bonds, states:

"It" (Congress) "might have ignored them had it desired to do so and have imposed payment of the full normal tax upon the taxable, but it recognized that holders of bonds of this class had acquired by contract certain definite advantages which had entered into the price paid for them and of which they should not be deprived without reason. Being concerned primarily in obtaining the full tax on the interest paid and income received, Congress found a way of making the collection of the whole tax certain and at the same time saving to the holders of tax-free covenant bonds their peculiar advantage. So it provided (section 221(b) of the Act of 1918 [40 Stat. 1072]) that:

" In any case where bonds, mortgages, or deeds of trust, or other similar obligations of a corporation contain a contract or provision by which the obligor agrees to pay any

portion of the tax imposed by this title upon the obligee, * * * or to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to 2 per centum of the interest upon such * * * obligations.' "

In Massey v. Lederer (D. C.) 277 F. 123, the court, in considering the provisions of section 1205 of the Revenue Act of 1917, 40 Stat. 332 (similar to those of 221 (b) of the 1921 act), stated, at pages 124 and 125, "The tax is imposed upon the individual holding the obligations but instead of it being paid by him, and recoverable by him from the corporate obligor, Congress, in order to prevent multiplicity of collections and obtain direct payment, has provided that the tax shall be paid to the government by the corporation, which has obligated itself to pay the tax for the bond holder;" and that "The money paid by the corporate obligor pays the debt of the individual owner to the United States, and not a debt of the obligor to the United States."

Other provisions of section 221 emphasize the fact that the owner of the bond is the taxpayer and the source of the corporation is only a collection agent for the government.

By subdivision (c), if any tax required to be deducted and withheld is paid by the recipient of the income, it shall not be re-collected from the withholding agent. Subdivision (d) provides: "Income upon which any tax is required to be withheld at the source under this section shall be included in the return of the recipient of such income, but any amount of tax so withheld shall be credited against the amount of income tax as computed in such return." And the United States Attorney states in his brief, which I accept as a fact and see no reason why such should not be the rule, that, where an individual filed an income tax return for 1923 setting forth his taxes, his return should properly have shown all his income, including income from bonds with "tax-free covenants," and that his total tax included the tax on such bonds, but that the tax paid at the source on such bonds was deductible from the net amount he himself was required to pay, and that, after the passage of section 1200 of the 1924 act, providing for a reduction of 25 per cent. in taxes, such taxpayer was allowed to deduct 25 per cent. of the total taxes imposed upon his income, including the tax paid at the source. So that, if the source corporation or the withholding agent, the plaintiffs in these actions, be also allowed a 25 per cent. deduction in such tax, the government might be subjected to two deductions of 25 per cent. each on the same item of income, which clearly was not contemplated by the statute.

Further, section 1200 (a) of the 1924 act refers to any taxpayer making a return for 1923 of the taxes imposed by parts 1 and 2 of title 2 of the Revenue Act of 1921 and parts 1 and 2 of title 2, relating only to taxes upon individuals. Part 3, which affects corporations, is not included. Section 221 is entitled "Payment of Individual's Tax at Source." Apparently Congress intended to grant some relief to the individual taxpayer, and the 25 per cent. reduction in 1924 was the result, and it was not concerned with relieving a corporation from the payment of the 2 per cent. tax at the source which the corporation had agreed with the owner to pay and was satisfied to pay when it issued its bonds, and in view of this provision it undoubtedly received a higher price for its bonds. In the final analysis it was the owner of such bonds, "the taxpayer," who had to stand the tax in the higher price he paid for his bonds.

Subdivision (d) of section 1200 applies to a case where the entire tax shown upon the return has been paid in full before the enactment of the statute of June 2, 1924, and this can only apply to individuals who paid on March 15th when the tax was due. The amount withheld by the "source corporation" was not due to the government until June 15th. Subdivision (c) and subdivision (d), respectively, deal with the taxpayer who has paid his tax in installments and the refund being prorated to the four installments, and to a case where there has been an extension of time for payment. In those sections the idea that Congress had in mind only the individual taxpayer for the refund is reflected. It is also to be noted that, under both the 1921 act and the 1924 act, sections 221(b) and 221 (c), 26 USCA § 962, provide for the payment by withholding agents of 2 per cent. of the interest paid to the owner of the bonds.

Accordingly, the motions to dismiss the complaints are granted, and final judgments may be entered in favor of the collector in each of the actions, as it is assumed that plaintiffs could not show in amended complaints any facts different from those now alleged.