SOUTHERN PACIFIC CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SOUTHERN PACIFIC RAILROAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CENTRAL PACIFIC CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 7718, 18333, 18337. Promulgated September 23, 1929.

*J. R. Bartles, Esq.,* for the petitioners.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

GREEN : These matters came on for rehearing on the respondent's motion to dismiss for lack of jurisdiction. Each of the above-named petitioners had outstanding in the year 1921, certain tax-free covenant bonds, some of which were in the hands of nonresident aliens. These aliens, for reasons not disclosed by the record, failed to collect their annual interest when the same became due, and in the year 1921, in the case of the Southern Pacific Co. and 1923 in the other two cases, these petitioners paid to such bondholders the interest which had accumulated over a number of years. In some instances the uncollected interest paid in 1921 and 1923, respectively, was for the years 1914 to 1921, inclusive. These petitioners, as withholding agents, made their returns, but in the computation of tax due thereunder, as to some of the years, withheld the tax at the rate of 1 per cent and paid the tax shown by the return to be due. Thereafter, the respondent determined that an additional amount of tax was due and mailed to these petitioners a letter setting forth such determination. The petitioners thereupon brought this proceeding, seeking a redetermination of their tax liability.

Because of the conclusion which we have reached in this case, there is no necessity to make detailed findings of fact or rule upon the questions of law presented by the pleadings.

The word " taxpayer " is defined by statute in the Revenue Acts of 1924, 1926, and 1928, and in each instance it is said, " The term ' taxpayer ' means any person subject to a tax imposed by this Act."

In *Union Pacific R. R. Co.* v. *Bowers*, 21 Fed. (2d) 856; 24 Fed. (2d) 788, the court adopted the position advanced by the Government, contra to the dicta expressed by us in *Appeal of Providence & Worcester R. R. Co.*, 5 B. T. A. 1186, and held that the obligor of a tax-free covenant bond is not a " taxpayer " within the meaning of that word as it is used in the revenue acts and expressly held " that the owner of the bonds is the taxpayer," citing *Duffey* v. *Pitney*, 2 Fed. (2d) 230, and *Massey* v. *Lederer*, 277 Fed. 123. The Circuit Court, in *Union Pacific R. R. Co.* v. *Bowers*, 21 Fed. (2d) 856; 24 Fed. (2d) 788, in affirming the action of the District Court, said " But in no event can the obligor be regarded as ' the taxpayer ' though he is ' liable for such tax '." We accordingly hold that the petitioners herein are not taxpayers within the meaning of the statute.

In the Revenue Acts of 1924 and 1926, section 273 reads as follows:

SEC. 273. As used in this title in respect of a tax imposed by this title the term " deficiency " means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown

on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; or

(2) If no amount is shown as the tax by the taxpayer upon his return, or if no return is made by the taxpayer, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amounts previously assessed, or collected without assessment, shall first be decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax.

Section 273 of either act deals with three distinct, although related, situations. Paragraph (1) is devoted to the cases where a return was filed by the taxpayer and the tax imposed exceeds the amount shown by the taxpayer on his return. Paragraph (2) deals with, first, the situation where a return was filed showing that no tax was due, and, second, the situation where no return was filed. In each instance, provision is made for increases and decreases in the amount of the tax to the end that proper adjustment be made for amounts assessed or collected and amounts abated, credited or refunded "in respect of such tax." As defined in section 273, the word "deficiency" relates only to amounts of tax due from taxpayers. The amount of tax must be determined with reference to the taxpayer's return, if one was filed, and, whether or not such return was filed, must be determined with reference to the previous assessments, abatements, credits, or refunds. It is thus apparent that the section deals with the situation where a *taxpayer* has or should have made a return and the Commissioner has determined that an additional amount of tax is due from such taxpayer. The petitioners in these proceedings are not taxpayers in respect of the taxes here involved, and, so far as these records disclose, the respondent has made no determination of the amount of tax due from the taxpayers, nor has he, so far as we are advised, notified the taxpayers of his determinations as provided in section 274 of either act, so that as yet such taxpayers have no right to have their tax redetermined by this Board. The amount of tax which the respondent proposes to collect is not a deficiency.

Section 274 of the above acts relates to and is the authority for an appeal or a petition to this Board for a redetermination of a deficiency in income and profits taxes where there has been no assessment. In that section, the proceeding is limited to taxpayers against whom the Commissioner has determined that there is a deficiency. The jurisdiction of this Board to redetermine liability for unassessed income and profits taxes is limited to proceedings instituted by taxpayers against whom a deficiency has been determined, and we, therefore, grant the respondent's motion and dismiss each of these proceedings.

Reviewed by the Board.