Myra Furst, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 26892.    Promulgated April 1, 1930.

*Myra Furst* pro se.
*Hartford Allen, Esq.*, for the respondent.

472

OPINION.

McMahon: After this proceeding was tried and submitted on the merits, the respondent filed a motion to dismiss for lack of jurisdiction upon the ground that the petitioner is not a taxpayer within the meaning of sections 273, 274, and 283 of the Revenue Act of 1926, and section 272 of the Revenue Act of 1928, citing, as authority, *Southern Pacific Co. et al.*, 17 B. T. A. 410. Hearing was duly had upon this motion.

The Revenue Act of 1926 provides, in part:

Sec. 273. As used in this title in respect of a tax imposed by this title the term " deficiency " means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or

collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; or

(2) If no amount is shown as the tax by the taxpayer upon his return, or if no return is made by the taxpayer, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amounts previously assessed, or collected without assessment, shall first be decreased, by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax.

SEC. 274. (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *

## Section 283 (a) of the Revenue Act of 1926 provides:

If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of * * * 1924, or by any such Act as amended, the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 274 of this Act. In the case of any such determination the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall, except as provided in subdivision (d) of this section, be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand and the provisions prohibiting claims and suits for refund) as in the case of a deficiency in the tax imposed by this title, except as otherwise provided in section 277 of this Act.

## Section 221 of the Revenue Act of 1924 provides:

(a) All persons, in whatever capacity acting, including lessees or mortgagors of real or personal property, fiduciaries, employers, and all officers and employees of the United States having the control, receipt, custody, disposal, or payment of interest (except interest on deposits with persons carrying on the banking business paid to persons not engaged in business in the United States and not having an office or place of business therein), rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments or other fixed or determinable annual or periodical gains, profits, and income, of any nonresident alien individual, or of any partnership not engaged in trade or business within the United States and not having any office or place of business therein and composed in whole or in part of nonresident aliens, (other than income received as dividends of the class allowed as a credit by subdivision (a) of section 216) shall (except in the cases provided for in subdivision (b) and except as otherwise provided in regulations prescribed by the Commissioner under section 217) deduct and withhold from such annual or periodical gains, profits, and income a tax equal to 6 per centum thereof: *Provided,* That the Commissioner may authorize such tax to be deducted and withheld from the interest upon any securities the owners of which are not known to the withholding agent.

[We omit subdivision (b) of this section which requires the obligors of tax-free covenant bonds to withhold the tax.]

(c) Every person, required to deduct and withhold any tax under this section shall make return thereof on or before March 15 of each year and shall on or before June 15 pay the tax to the official of the United States Government authorized to receive it. Every such person is hereby made liable for such tax and is hereby indemnified against the claims and demands of any person for the amount of any payments made in accordance with the provisions of this section.

In *Southern Pacific Co. et al., supra,* each of the petitioners had outstanding certain tax-free covenant bonds, some of which were in the hands of nonresident aliens. Those aliens failed to collect their annual interest when the same became due, and in the years 1921 and 1923 the petitioners paid to such bondholders the interest which had accumulated over a number of years. The petitioners, as withholding agents, made their returns and withheld a certain amount as tax. Thereafter the respondent determined that an additional amount of tax was due and mailed to the petitioners a letter setting forth such determination. The petitioners thereupon brought a proceeding before the Board seeking a redetermination of their tax liability. We held that the petitioners were not taxpayers within the meaning of the Revenue Acts of 1924, 1926, and 1928 and that we did not have jurisdiction of the appeal. In that proceeding we stated:

The word "taxpayer" is defined by statutes in the Revenue Acts of 1924, 1926 and 1928, and in each instance it is said, "The term 'taxpayer' means any person subject to a tax imposed by this Act."

In *Union Pacific Railroad Co. v. Bowers,* 21 Fed. (2d) 856; 24 Fed. (2d) 788, the court adopted the position advanced by the Government, contra to the dicta expressed by us in *Appeal of Providence & Worcester R. R. Co.,* 5 B. T. A. 1186, and held that the obligor of a tax-free covenant bond is not a "taxpayer" within the meaning of that word as it is used in the revenue acts and expressly held "that the owner of the bonds is the taxpayer," citing *Duffey v. Pitney,* 2 Fed. (2d) 230, and *Massey v. Lederer,* 277 Fed. 123. The Circuit Court in *Union Pacific R. R. Co. v. Bowers,* 21 Fed. (2d) 856; 24 Fed. (2d) 788, in affirming the action of the District Court, said "But in no event can the obligor be regarded as 'the taxpayer' though he is 'liable for such tax.'" * * *

* * * As defined in section 273, the word "deficiency" relates only to amounts of tax due from taxpayers. The amount of tax must be determined with reference to the taxpayer's return, if one was filed, and, whether or not such return was filed, must be determined with reference to the previous assessments, abatements, credits, or refunds. It is thus apparent that the section deals with the situation where a *taxpayer* has or should have made a return and the Commissioner has determined that an additional amount of tax is due from such taxpayer. The petitioners in these proceedings are not taxpayers in respect of the taxes here involved, and, so far as these records disclose, the respondent has made no determination of the amount of tax due from the taxpayers, nor has he, so far as we are advised, notified the taxpayers of his determinations as provided in section 274 of either act, so that as yet such

taxpayers have no right to have their tax redetermined by this Board. The amount of tax which the respondent proposes to collect is not a deficiency.

Section 274 of the above acts relates to and is the authority for an appeal or a petition to this Board for a redetermination of a deficiency in income and profits taxes where there has been no assessment. In that section, the proceeding is limited to taxpayers against whom the Commissioner has determined that there is a deficiency. The jurisdiction of this Board to redetermine liability for unassessed income and profits taxes is limited to proceedings instituted by taxpayers against whom a deficiency has been determined, and we, therefore, grant the respondent's motion and dismiss each of these proceedings.

In the above quotation the two sections referred to are sections 273 and 274 of the Revenue Acts of 1924 and 1926.

In the instant proceeding the petitioner is in a position similar to that of the petitioners in *Southern Pacific Co. et al., supra.* They were all withholding agents.

Subdivision (c) of section 221 of the Revenue Act of 1924 renders every person required to deduct and withhold a tax, liable for such tax.

Section 283 (a) of the Revenue Act of 1926 provides in part:

If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of * * * 1924, or by any such Act as amended, *the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 274 of this Act. In the case of any such determination the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall, except as provided in subdivision (d) of this section, be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions* and limitations (including the provisions in case of delinquency in payment after notice and demand and the provisions prohibiting claims and suits for refund) *as in the case of a deficiency in the tax imposed by this title*, except as otherwise provided in section 277 of this Act. (Italics supplied.)

By virtue of this provision, notice sent to any person liable for a tax is to be considered equivalent to a notice of deficiency mailed to a taxpayer.

Since petitioner, under section 221 of the Revenue Act of 1924, is liable for the tax in question, we must hold that the notice dated February 19, 1927, sent by the respondent to the petitioner confers jurisdiction upon us to hear and determine the petitioner's liability.

The case of *Union Pacific Railroad Co.* v. *Bowers*, 28 Fed. (2d) 370, affirmed by the Circuit Court of Appeals, 2nd Circuit, 33 Fed. (2d) 102, which was relied upon in *Southern Pacific Co. et al.*, 17 B. T. A. 410, is not in conflict with our opinion in this proceeding. It involved the question whether a withholding agent is a taxpayer

within the meaning of section 1200 (a) of the Revenue Act of 1924, which entitles a " taxpayer " to a credit or refund of a percentage of the tax. That case did not involve section 283 (a) of the Revenue Act of 1926. Nor are the cases of *Massey* v. *Lederer*, 277 Fed. 123, and *Duffey* v. *Pitney*, 2 Fed. (2d) 230, cited by the court in *Union Pacific Railroad Co.* v. *Bowers*, 28 Fed. (2d) 370, in point, since they did not involve section 283 (a) of the Revenue Act of 1926.

Section 283 (a) of the Revenue Act of 1926 by its express terms applies to any person liable for a tax. Neither is it limited to deficiencies in taxes. It applies as well to interest, penalties, or other additions to taxes.

Our opinion in *Southern Pacific Co. et al.*, *supra*, is herewith overruled.

Because of the conclusion we have reached, the motion of the respondent to dismiss for lack of jurisdiction is overruled.

We now turn to a consideration of the merits of the proceeding. The petitioner, as withholding agent, in computing the tax upon the income of each of two nonresident alien individuals, deducted a personal exemption of $1,000 in each case. The respondent, holding that there is no provision in the income-tax laws whereby a personal exemption may be claimed at the source, informed petitioner that there was an additional amount of $120 due from her.

Section 217 of the Revenue Act of 1924 provides:

(a) In the case of a nonresident alien individual or of a citizen entitled to the benefits of section 262, the following items of gross income shall be treated as income from sources within the United States:

\* \* \* \* \* \* \*

(4) Rentals or royalties from property located in the United States or from any interest in such property, including rentals or royalties for the use of or for the privilege of using in the United States, patents, copyrights, secret processes and formulas, good will, trade-marks, trade brands, franchises, and other like property; \* \* \*

\* \* \* \* \* \* \*

(g) (1) Except as provided in paragraph (2) a nonresident alien individual or a citizen entitled to the benefits of section 262 shall receive the benefit of the deductions and credits allowed in this title only by filing or causing to be filed with the collector a true and accurate return of his total income received from all sources in the United States, in the manner prescribed in this title; including therein all the information which the Commissioner may deem necessary for the calculation of such deductions and credits.

(2) The benefit of the credits allowed in subdivisions (d) and (e) of section 216, and of the reduced rates of tax provided for in subdivision (b) of section 210, may, in the discretion of the Commissioner and under regulations prescribed by him with the approval of the Secretary, be received by a nonresident alien individual entitled thereto, by filing a claim therefor with the withholding agent.

The credits referred to in subdivision (g) (2) of section 217 are the credit of $400 for each dependent and the personal exemption of $1,000.

Article 331 of Regulations 65, promulgated by the Commissioner of Internal Revenue under authority of the Revenue Act of 1924, provides in part:

ART. 331. *Allowance of deductions and credits.*—Unless a nonresident alien individual, a foreign corporation, or a citizen of the United States or domestic corporation entitled to the benefits of section 262, shall file, or cause to be filed with the collector, a true and accurate return of income from sources within the United States, regardless of amount, the tax shall be collected on the basis of the gross income (not the net income) from sources within the United States. Where a nonresident alien has various sources of income within the United States, so that from any one source or from all sources combined the amount of income shall call for the assessment of a surtax, and a return of income shall not be filed by him or on his behalf, the Commissioner will cause a return of income to be made and include therein the income of such nonresident alien from all sources concerning which he has information, and he will assess the tax and collect it from one or more of the sources of income of such nonresident alien within the United States, without allowance for deductions or credits. The benefit of the credits allowed against net income for the purpose of the normal tax may be claimed by a nonresident alien only in his individual return, except that the personal exemption (and credit for dependents in the case of a resident of Canada or Mexico) may be obtained by filing a claim therefor with the withholding agent in accordance with the provisions of articles 316 and 364 (a) and (b). See section 216 of the statute and article 306.

Article 316 applies only to payments of compensation by an employer to an employee. Article 364 (a) and (b) refers to cases where the gross income of a nonresident alien does not exceed the personal exemption of $1,000.

In this proceeding there is no evidence to show that either of the nonresident aliens filed a return or filed a claim with the petitioner as withholding agent for the benefit of the personal exemption. Under these circumstances it is clear that, under the Revenue Act of 1924 and the regulations promulgated thereunder, the petitioner, as withholding agent, may not claim a personal exemption of $1,000 in the case of each nonresident alien individual. The action of the respondent in refusing to allow the petitioner a credit of $1,000 for each nonresident alien individual is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

MATTHEWS dissents.